Good morning your honors and may it please the court Anastasia Bowden for appellant Creighton Meland. SB 826 or the woman quota was enacted on the theory that shareholder elections were not producing the state's preferred number of female board members. It therefore sought to change shareholder behavior at annual elections. If the law does not change shareholder behavior it does not effectuate its goals. The state now says that even though it has enshrined into law a minimum number of women board members the people responsible for effectuating that quota don't have standing to sue. The right to vote for board members is one of the most important contractual rights that shareholders have as owners of the company and given the existence of the 14th amendment it includes the right to vote free of a government-imposed sex-based mandate. Creighton Meland as a shareholder has standing to challenge SB 826. Importantly Meland will be injured at every election regardless of how he behaves. If he complies he suffers an injury because he's been forced to vote based on immutable characteristics and that is an article 3 injury. Let me ask you if he's not forced to vote for anyone he can he can vote for whomever he wants can't he? The law attaches a penalty to his choice your honor and so it is attempting to coerce him into doing as the quota says and there are several other cases. But I'm having trouble with how it attaches a penalty to his vote. It doesn't attach a penalty to him it attaches a penalty to the third party it's essentially a corporation. That's right your honor. The corporation could sue here do you agree with that? Yes your honor the corporation could sue for its own injuries including a potential penalty. What is the corporation's injury? So the corporation doesn't have any control over the shareholders so how is it injured by this state law? You're right Judge Akuda that the corporation is a passive actor in this although it may be able to sue for any injuries it would suffer like a potential penalty or anything else that it says that it has here we're not alleging that type of injury we're alleging a completely separate injury and that is an injury to our shareholder voting rights and we think you know we incur that injury regardless of whether the corporation suffers an injury regardless of whether the corporation is ever penalized at every single election Creighton Meelan will suffer an injury because he's subject to the sex-based mandate. You defined a couple of injuries in your reply brief but they weren't even mentioned before having to do the quota making it more difficult to invest and also he's at a disadvantage and I'm not sure we could you can you know really address those because they weren't even raised until you reply brief so I'm just really trying to crystallize in my mind what is the injury that he alleges? His injury is being subject to a sex-based quota and our argument regarding his vote being put at a disadvantage I think is a fair inference from our allegations it's plain on the face of the law and it's a fair inference from our argument that is we've argued that he is being coerced by the state to vote a certain way. How is he being coerced by the state to vote a certain way? I mean that's what I hear what you're saying and he hasn't actually alleged in his complaint you know allegations of this nature in terms of he's changing his vote and that sort of thing so we've got the corporation over here and then you've got him but I don't see how he is subject to a quota vote that's what the link I'm missing. Sure your honor the law is phrased in the passive voice it just says that a certain number of women must be elected now shareholders are responsible for doing the electing and just because the state has chosen to punish a third party for any infractions does not mean that the law is not regulating shareholders there are plenty of cases where the law is not explicitly directed at the regulated party but as a matter of common sense it operates on those parties so we can take for example the Duarte case out of the Fifth Circuit which said that families of sex offenders have standing to challenge laws that regulate where sex offenders live because the practical consequence is also to regulate where the family members live or out of this circuit we have RK Ventures in which this court said that shareholders of a club could challenge a law that was to affect the shareholders because the shareholders in that case were the ones who chose which music to play those are very specific allegations and impact and injury so here I'm looking for something more than the conclusory allegation that says he can't vote for the directors the director of his choice the injury is being pressured it's it's changing the dynamic of the election and favoring of votes in favor of women now even if he flouts the quota even if anyone flouts the quota they're still injured because there no vote is being put at a disadvantage it's this coercive pressure it's the scheme in which certain votes are no vote I mean it first of all he's not challenged the fact that the governance committee or some other body is actually doing the because that would be they could raise their own injury but his injury is when it comes to the ultimate vote right but he hasn't said that he he's I don't see any allegation that says he's forced to vote for a woman or that he feels out of fear out of falling out of compliance with the statute that he's forced to vote for a woman it just seems to me those kind of allegations which you're now talking about I'm not seeing those in the complaint yes your honor I think it's important to note that this case was probably what what section of the complaint I would look to sure well if I can give some background which is that this was a girl what I'd like to do sure I'm asking a very specific question and you're making very general arguments and I appreciate I understand your argument completely but I'm trying to cross-reference it with yes yes your in front of me and I would say that the allegations following plaintiffs injury such as paragraph 22 which say that the woman quota is designed to compel the election of more females onto corporate boards and in order to achieve its goal the law must impact impact the behavior of shareholders like mr. Melan who are responsible for doing the voting and if we go down just a little bit we say of course that he intends to vote and that the quota in injures his right to vote for the candidate of his choice free from the threat that the corporation will be fined and I think this is a case similar to some of these contracting cases that have come out of the Ninth Circuit and the Supreme Court where the injury is not the denial of any certain outcome it's not that his preferred candidate won't be elected it's being subject to a system in which decisions that preference immutable characteristics are favored and I mean those contracting cases are very direct in terms of what's going to happen with the contractors it's a very different situation what do you think is the closest case to that supports your argument with respect to standing I would point to three cases this is a very unique law and I do want to add that this case was brought as a pre-enforcement case seeking perspective relief and that's why the allegations are more general and we do believe that he's injured no matter how he votes but in terms of which cases are best for us again I think it's RK Ventures where the law is only operating on the club but practically speaking it impacts the decisions of the out of this circuit where there was no penalty at all to the family members the family members were free to move wherever they wanted but as a practical matter it was impacting their freedom to move where they wanted because they wanted to live with with their family member who was regulated by the regulation and lastly I would point to owner-operator independent truckers Association out of the Seventh Circuit in which the compliance with the law at there which regulated rest hours for individual truckers it was regulated it was measured at the carrier level and yet the individual operators had standing to bring suit because the court recognized that ultimately it was their behavior that the statute was trying to influence here we know that the the statute is trying to influence shareholder behavior it's trying to get them to vote in a certain way and even if they don't conform to the state's preferred behavior they suffer an injury because they've been put at a disadvantage that's just inherent in the nature of this law that one type of vote is privileged and the other isn't and so I think those three cases really highlight part of the assumption behind that is that he's not going to vote for a female candidate and he hasn't alleged that so I don't see that one vote is and they all get added up it's privileged in the sense that the state has attached a consequence to one type of vote and not a no legal consequence to the other he hasn't alleged that he would vote for any one candidate because that may change from election to election but again any way you cut it he's gonna be injured because if he votes for the woman against his will in legal consequence he's been forced to vote on immutable characteristics if he flouts the quota his vote is at a disadvantage even if he votes for a woman I'm having trouble with why it's a disadvantage he votes for whoever he wants to the statute doesn't do it doesn't do anything and the question is the proof is in the pudding how does it turn out he's not a majority shareholder he doesn't hold some disproportionate situation where he's going to tilt the vote that will be added up and of course we don't know the result and we also don't know who what what his predilections maybe he wants to vote for he wants to vote for the most qualified candidate that could be a woman might not be a woman but not everybody's gonna be a female or male necessarily in the outcome so that's where it's it's this kind of speculative clapper type injury that is giving me some pause in your argument thank you your honor and I think now I'm seeing the disconnect the reason we would say that the reason he's put at a disadvantage is because we have alleged that the law has a coercive effect so even if mr. Meehlin chooses to flout the quota it's a fair inference that the law is having a course of effect on other shareholders which means that it is thwarting the election is putting the state's power behind it's not this isn't a class action it's not a derivative suit it's it's you know it's a single shareholder correct that's right your honor and I didn't mean to suggest that we're saying that we have some sort of injury because of the coercion it's coercion exercise on other people that is our injury it's the essentially been thwarted in a free election all votes would have been put on equal footing and people would have voted their conscience and now we have a law that is coercing various people and it's it's putting his vote again on an unequal playing field perhaps that's a better way of putting it that was the way that the court put it in northeastern Florida chapter of Associated General Contractors is that the injury is being on an unequal playing field when it comes to equal protection I'm not sure I understand this are you saying that assuming that he would vote for the best candidate he's disadvantaged because other people would vote to comply with the law requiring a woman or what exactly are you saying here your honor it's to say that the state has suggested that he's completely free to flout the quota if he believes that's the best candidate for the job and so he's therefore not injured he can vote however he wants and our response is to say even if he does vote how he wants and that does flout the quota he's still injured because presumably everybody else some people are being coerced by the law and that is tilting the election in favor of certain candidates and I think if we look at how the law has played out it's very difficult for the government to contend that the law isn't having some sort of coercive effect because since the law has gone into effect hundreds of women have been elected to corporate boards and so that supports the allegation that this is coercive and interfering with shareholder voting rights and certainly Delaware courts have have recognized that any sort of interference with shareholder voting rights is is a direct you know that that actually begs the question because we all know the reality is they were never nominated so if you're not nominated you can't even be voted on oh yeah he's not challenging as I understand what is really the the precursor process in every board and that is the governance committee decides it's who's gonna be on our slate this year so he's not challenging that am I correct no your honor because whoever ends up being nominated its shareholders who have the ultimate responsibility right I just want to be clear the answer to my question is he's not challenging the corporation's authority or whatever decisions they make or it makes with respect to who's nominated that's correct your honor because whatever effect it's having on the nomination committee even if most of the work was going on at that level that that's where it be that you know it was playing out he would still ultimately like all shareholders have a responsibility to either confirm or reject that nominee let me just to be sure I understand this you're saying that because the state law encourages shareholders to discriminate based on immutable characteristics every individual shareholder has this either they're being encouraged to discriminate or if they don't discriminate their their vote is unequal because of this overall effect is that what you're saying am I understanding this correctly well certainly I think Delaware courts have interpreted shareholders standing very expansively because enter any interference with the right to elect board members is an injury regardless of there's the added dynamic that there's this equal protection problem and that it's just inherent in equal protection jurisprudence that standing is pretty broad people have standing even if they would have discriminated in the first place to challenge mandatory discrimination as the court found in the Peterson case or as this court found in Monterey mechanical even if you would have would have done that action anyway if there's a state mandate to do it you have standing because we know that sex and race-based classifications are so odious and and you know to point out another way that it's expansive even if you mentioned but you have about three minutes left and I didn't know if you wanted to spend it now or later thank you your honor I appreciate that and I you may proceed good morning I'm just waiting for the for the timer to set if that's all right thanks thank you thank you good morning Laura Haddad on behalf of Secretary of State a threshold requirement for any challenge to a statute in federal court is subject to the statute of limitations of the matter jurisdiction here mr. Moland cannot meet the fundamental requirement of article 3 standing because he has not shown that he has suffered an injury in fact mr. Moland seeks to expand article 3 standing as it is applied in the Ninth Circuit to include injuries that do not meet the basic requirements of an invasion of a legally protected interest which is concrete and particularized and actual or imminent even if mr. Moland could allege an injury in fact under article 3 which he has not done so here he also lacks standing as a shareholder under prudential considerations he cannot show that he has suffered an injury or will suffer an injury that is separate and apart from any injury to OSI systems the corporation for which he is a for which is a shareholder and any injury that OSI systems may suffer well isn't he he's alleging a different injury OSI systems doesn't have the voting right he is the one who who has that right so that does seem different yes your honor mr. mr. Moland has the right to vote for as a shareholder has the right to vote his shares for any director but any but the alleged injury especially as alleged in his complaint which is that he may subject OSI systems to a fine any injury accrues to OSI systems alone well but I think doesn't it depend on how we frame his injury he is not personally fined but he is he is arguing that he's being essentially encouraged to vote in a certain way in this case on the basis of sex and taking sex into account when he when he doesn't want to do that so why is that not a sufficient injury because your honor the the injury that he alleges that if he takes gender into account OSI systems will be will potentially be fine accrues to OSI systems alone it appears that he objects to the mere existence of the law but just because SB 826 may cause corporations to depend on shareholder votes to be in that it harms those shareholders if a corporation is out of compliance with the law this is this is in fact in particular evidence here with OSI systems where their foreign 10k shows for the 2019 election there were seven nominees for direct for directors on the board of directors and all seven nominees were elected there wasn't any nominee that mr. Moland chose not to vote for and he hasn't alleged that a nominee that there was a director nominated that he didn't have the opportunity to vote for that he wanted someone nominated who who wasn't so in in this case even though yes a corporation in order to be in compliance with SB 826 does rely on the shareholder vote SB 826 does not regulate shareholders it doesn't require them to do anything and if there's any penalty it doesn't accrue to the shareholder able to select its own shareholders and it doesn't really regulate the actions of the corporation or am I misunderstanding how the law works your honor it's correct that the SB 826 does not that corporations do not select their own shareholders but the corporation likes the people who are selecting the board of directors it just seems very disingenuous to say it doesn't regulate the shareholders who are the ones who elect the board which is the focus of the law well your honor it's I think SB 826 recognizes that it's the issue is also who is being nominated and in this case especially with OSI systems the slate of nominees was put forward by the by the nominating committee and nominating committees are typically made up of current directors and other corporate members and for 2019 at any rate the number of nominees that were put forward or the number of seats that were open so the law does not regulate who's nominated to the board to the elections it regulates who is actually selected to be on the board and the people who are doing this election are the shareholders I don't really know what the prior process would you know that this sort of the back end that leads to the election would have to do with this particular plaintiffs claimed injury your honor yes while while it is shareholders that choose the director the harm or the alleged harm does not fall on the share on the shareholders so while shareholders well again while corporations are dependent upon shareholder votes any harm occurs to the corporation and that is recognized we're kind of we're kind of flipping back and forth between article three and prudential I realize but as I understand miss Bowden the harm is that in effect there's a chill over his voting right because of this mandate and the quota and so why isn't that enough to give him article 3 stand well that chill is highly speculative he also the evidence that chill is typically I think using for example a First Amendment claim but if this court does consider chill as a factor there is no evidence that SBA to voter rights here you know he's saying that this is a cloud or or a coercion an indirect coercion over his ability to vote freely I think that's what he's saying it chill was my word no I I understand um I I think that he has that he is under operating under this this cloud of SBA to six especially because in the current I mean I think it is worth emphasizing that in 2019 it doesn't he has alleged no facts that a nominee of his choice wasn't you know wasn't put forward that he voted one right his injury is not that somebody he to have to make this decision in that within a framework of required or encouraged discrimination that that's what he's he wants he might well want to vote for a female director but he doesn't want to do so believing in the system in which there's some legal coercion I understand that I think I is does regulate the corporation and any harm or if there's no compliance with with SBA to six the corporation is a legally distinct entity that can sue for for this harm it I think SBA to six also recognizes or at least you know the law recognizes that yes well shareholders are they're the ones that elect the directors to the corporation which represents all of their interests so if there is if there is a harm it is to the corporation which can sue to bring its own harm regarding whether excuse me can sue to redress any harm that has I said the corporation is not being required to discriminate or encouraged to discriminate on the basis of gender so that particular injury is not an injury to the corporation that injury is only to the shareholders I'm not understanding why the injury is only to the or the injury is to the corporation at all there is no injury to the corporation at least at present that I'm aware of can you explain that yes your honor well is I think it goes to the there is no is that the corporation effectively dictates who who the directors are to be to be put forth to be elected and again SBA to six does not require that a shareholder discriminate doesn't require the shareholder vote at all and this is shareholders so the law requires the board the corporation have a certain number of women on the board and you're saying that no shareholder needs to vote to comply with the law that that would be so no shareholder has standing because no shareholder is required to vote to comply with state law is that your theory but no your honor there is some we can certainly imagine certain situations where a shareholder would have standing if for example a nominee the shareholders preferred nominee was not put forward or if a nominee lost the shareholder you know the shareholder wanted to wanted to have elected but here in this case for the for the harm that that mr. Milan has alleged he he does not he does not have standing under this set of facts simply because yes while corporations require are dependent upon shareholders to be in compliance with the law the harm is to the corporation if they are not in compliance can you address our line of cases really starting with Monterey Botanical where you know the the point is made that in this context the injury is requiring or encouraging somebody to discriminate based on a protected characteristic and why those pieces in your view don't apply to this situation yes your honor in Monterey Mechanical in particular that case involved a state requirement that a general contractor subcontract a specific amount of its of its work to women or minorities or demonstrate a good faith effort to do so the plaintiff there was a general contractor who was denied a bid on a public campus because he met neither of those requirements this court found that even if the general contractor suffered no discrimination itself as a condition of granting the general contractor a benefit the general contractor was not put on equal footing they also it also suffered and the general contractor also suffered an injury in fact because the state exposed him to the risk of liability and because of the increased expense and difficulty in performing a contract so here there was an economic harm to the contractor and there was a harm either way to the contractor similarly here any economic harm would be to the corporation not to the shareholder and Mr. Milland is not benefit or has been in denied investment opportunities such that would qualify for the harm that's that was described in that was an issue in Monterey Mechanical regarding arcade ventures yes that plaintiffs in that case were shareholders but they were also principal owners of the corporation and that's that case involved an ordinance that essentially required their corporation which was a nightclub to shut down plaintiffs brought suit and they also the the court there found that they had alleged personal injury for damages they themselves were harmed because they were prevented from playing the music that they wanted to and the Ninth Circuit didn't this court didn't differentiate between their status as principal owners and shareholders really focused on the fact that they were bringing in a case for a case for personal injury could you maybe get closer to the microphone because again we're having us I'm having some trouble hearing I'm so sorry can you hear it works yes okay so um so a shareholder of course technically isn't it has an ownership interest in the corporation that's what a shareholder means and we do have cases saying that if there is a financial imposition on the corporation I'm thinking about can aluminum here that the shareholder has standing to challenge a financial imposition on the corporation I know on arcade ventures you were distinguishing between being a shareholder and an owner and so I'm not sure I understand that distinction and maybe you could address that yes your the economic ownership has been recognized it typically it is not for purposes of prudential standing you know for shareholders standing an effect under both Delaware and California law about article 3 standing yes your honor so under article 3 standing economic harm can be it can be of course enough for to a certain injury in fact and in arcade ventures the economic harm was to the plaintiffs were they they brought a shutdown of their business but here of a penalty and I understand the secretary has not yet promulgated regulations to peel is a corporation so we have is a threat of a penalty against the corporation and and explain why that's not enough for the the shareholders standing claim under under aluminum in that line of cases I guess your honor that's because here any potential fines are speculative and so his alleged harm is does not meet the imminent the actual or imminent requirement of article 3 standing in order for him to face this harm to face the harm for his shares under article 2 shares under article 3 it would depend on a series of events that may not or seem likely not to occur at this time for OSI systems so there would have to be more nominees than director positions in order for mr. Milan to make his choice OSI systems would have to fall out of compliance with SB 826 to me that this is now hinging on the Secretary of State's grace and not issuing a fine but the perspective of the shareholder they don't know whether that grace will be will be given or not they're under a there's a threat of this fine which the secretary is empowered to levy so I guess why wouldn't that be be sufficient well because your honor under this again it's it's highly speculative and any harm the harm of a fine there's no evidence that that would harm the shares of mr. Milan in in OSI systems which is I believe it's it's it's valued at a billion-dollar company so in order for there to be a harm to mr. Milan and to his shares OSI systems would have to fall out of compliance with SB 826 the secretary would have to the Secretary of State would have to exercise her regulations and to implement fines would have to the Secretary of State would have to implement would have to impose those fines upon SB 826 and those fines would somehow have to harm mr. Milan shares any financial imposition on a corporation gives a shareholder standing it doesn't have to affect the value of the shares I didn't see that in all pan aluminum are you looking at some other case no your honor I apologize well I'll handle women did not stand for that principle here again this requires this relies on an entirely attenuated set of circumstances as as just so as more akin to the set of circumstances described in clapper the amnesty international he alleged specifically that he changed his vote and therefore because of the law and therefore he was not able to vote either the slate or the be a sufficient allegation a foundation for standing well your honor it would certainly give more it would certainly provide more allegations of what he's currently alleged in his complaint but again there is no I think it would have to be again you would have to be able to show that any any shareholder that any excuse me was not put forward as a nominee for election and I think he would have to also show that yes he would have to make some sort of specific allegations with regard to himself and to his own injury all of the nominees that come out of the Governance Committee that it's that that's the only able to vote in other words are there more nominees than slots your honor what is in the record it's so it's it it's not known for other years but for February 2019 the form the form 10k which we submitted as part of our supplemental excerpts it shows that there were seven nominees and all seven I'm out of time but I I did want to raise one more point but I'm happy to say well in response to mr. Milan's assertion that clearly sp826 is working or sp826 that is coercive because corporations are in compliance with sp826 there's there's no evidence of that there's no evidence of coercion and looking specifically at OSI systems of the seven nominees if every nominee was a spot for every nominee the the director who was a woman received the most votes that's it's it's there's not it's it's it there's no evidence that this is because of coercion that appears to be because of shareholder choice and again the corporation that I guess that's a fact further that of course would come up in factual discovery but I don't know at this point we can draw a conclusion one way or the other thank you your honor at this time unless you have any further questions I'll stop let me just ask the panel do you have any further questions from his head down no thank you no all right miss Bowden you have rebuttal time thank you your honor the court was right to point out that under article 3 the potential find of the corporation would be enough to give the plaintiff a shareholder standing and the plaintiff need not wait for the consummation of the threatened injury in order to have standing and can bring a case for pre-enforcement review seeking prospective relief and even though opposing counsel suggests that it's speculative about whether they will ever enforce the law first I want to point out that they are enforcing the law in fact the Secretary of State is gathering information on compliant companies and non-compliant companies and publishing it and that is part of our allegation that that activity is part of the coercive that's part of the coercion that's going on here but secondly it's just inherent in the nature of elections that they're speculative you can never be sure about about how the election is going to come out unless you are a majority shareholder or you know unless you can predict the future but I think by analogizing to political elections we see why the speculative nature doesn't mean that voters don't have a credible fear of future enforcement the only way to be sure that there will not be future enforcement and that the here the corporation or if we take a political analogy if you have to if you have to vote for a certain a woman representative the only way to be sure that that's not going to happen is by changing your behavior and so that shows why there's a credible threat of injury each time because you don't know unless you unless you change your behavior and that's just a feature of voting and it would be very regressive to say that you only have standing if you're a majority shareholder because that would mean that only those people with extreme power and capital are able to go to the courthouse and those that are meanwhile stuck wondering if their vote is going to subject the corporation to penalty the coercive pressure we're not we're not saying that our injury is the denial of any certain benefit we don't want to wait for the consummation of an injury and ask for retrospective relief we're asking for prospective relief because we believe that we are injured either way so unless there are any further questions it appears that thank you very much thank you the case of Creighton not only well argued but very well briefed by both sides and also thank the numerous Amici that submitted briefs as well and with that we are adjourned for the morning thank you this court for this session stands adjourned
judges: McKeown, Ikuta, Bress